UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/2/2024

YAJAIRA BEZARES,

                              Plaintiff,

                  -against-

BUYK CORPORATION,

                              Defendant.

1:22-cv-7034 (MKV)

ORDER OF DISMISSAL

MARY KAY VYSKOCIL, United States District Judge:

        This case has been stayed because of a bankruptcy proceeding commenced by Defendant

in March 2022 [ECF No. 11].  In an Order dated July 16, 2024, the Court directed Plaintiff to file

a status letter by August 1, 2024 [ECF No. 12 ("July 2024 Order")].  The Court warned that failure

to comply would result in dismissal.  July 2024 Order at 1.  However, Plaintiff nevertheless failed

to file the required status letter.  As such, the Court issued an Order To Show Cause dated August

16, 2024 in which the Court directed Plaintiff to file a letter by September 5, 2024 showing cause

why this case should not be dismissed for failure to comply with court orders and failure to

prosecute [ECF No. 13 ("OTSC")].  The Court again warned that failure to comply would result

in dismissal.  *See* OTSC at 1.  To date, however, Plaintiff has failed to respond to the Court's Order

To Show Cause or to take any other action to prosecute this case.

        Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an

action with prejudice if the plaintiff fails to prosecute the case or to comply with court orders.  *See*

Fed. R. Civ. P. 41(b).  The Second Circuit has instructed district courts to consider the following

factors before dismissing an action for failure to prosecute: (1) the duration of the plaintiff's failure

to prosecute or comply; (2) whether the plaintiff was on notice that failure to prosecute or comply

could result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay of

the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's

interest in receiving a fair chance to be heard; and (5) the possibility of imposing a sanction less

drastic than dismissal. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (*Lucas v. Miles*, 84

F.3d 532, 535 (2d Cir. 1996)).

The Court has carefully considered each of these five factors. This case has been pending

for more than two years, and Plaintiff has not taken any action to prosecute this case since it was

filed. More importantly, Plaintiff has ignored two court orders directing him to act over the course

of the past five months [ECF Nos. 12, 13]. Courts in this District have dismissed cases for shorter

spans of noncompliance. *See, e.g.*, *Chavis v. City of New York*, 2018 WL 6532865, at *3 (S.D.N.Y.

Oct. 12, 2018), *report and recommendation adopted*, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018).

After Plaintiff ignored the Court's July 2024 Order, the Court issued an Order To Show Cause that

gave Plaintiff clear notice that "**this case will be dismissed**" for a further failure to comply. OTSC

at 1 (emphasis in original); *see Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 468 (2d Cir.

2013) (affirming dismissal for failure to prosecute where the court "indisputably gave notice" to

the plaintiff that the case would be dismissed for "future transgressions"). It prejudices Defendant

and burdens the Court to maintain this action open on the Court's docket indefinitely in the hope

that further prodding from the Court will prompt Plaintiff to reappear. *See Davison v. Grillo*, 2006

WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006). The Court has considered lesser sanctions but the

Court has few options where, as here, Plaintiff is *pro se* and does not respond to court orders. *See*

*Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 178 (2d Cir. 2008). As such, the Court

concludes that dismissal for failure to prosecute is appropriate.

3

Accordingly, this case is DISMISSED with prejudice for failure to prosecute.  The Clerk

of Court respectfully is requested to mail a copy of this Order to the *pro se* Plaintiff at the address

of record and to close this case.

**SO ORDERED.**

**Dated:   December 2, 2024**
        **New York, New York**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

3